UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILFRED L. ANDERSON, | ) | Case No.: 1:19 CV 1072 |
| | ) | |
|     Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| JUDGE SHANNON GALLAGHER, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
|     Defendant. | ) | |

*Pro se* Plaintiff Wilfred L. Anderson filed this action against Cuyahoga County Common Pleas Court Judge Shannon Gallagher. In the Complaint, Plaintiff challenges his adjudication as a vexatious litigator under Ohio law and contends it prevents him from mounting a defense to contempt charges for allegedly violating a civil protection order issued by Judge Gallagher. He seeks a declaration from this Court that the Ohio vexatious litigator statute, Ohio Revised Code § 2323.52(D), is unconstitutional.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is **DENIED.**

**Background**

This case is among the latest filings in a long-standing, acrimonious dispute between Plaintiff and Luann Mitchell. It appears the dispute initially arose in 2010 as a disagreement over possession of the cremains and urn of Angelina Johnson and escalated into multiple lawsuits in the Cuyahoga

County Court of Common Pleas, the Summit County Courts of Common Pleas, the United States Bankruptcy Court for the Northern District of Ohio, and this Court. *See Anderson v. Mitchell*, No. 1:14 CV 276 (N.D. Ohio July 29, 2014)(Gaughan, J.)(describing litigation history); *Anderson v. Mitchell*, No. 99876, 2014 WL 1327763 (Ohio App. 8 Dist. Mar. 20, 2014)(same). Eventually, Plaintiff was declared to be a vexatious litigator and was enjoined from filing additional documents or actions without leave of court. *Anderson v. CMHA*, No. CV-14-820828 (Cuyahoga Cty Ct. Comm. Pl. filed Jan. 27, 2014).

In addition, both Plaintiff and Mitchell have had criminal charges brought against them as the result of their actions in these disputes. Mitchell accused Plaintiff of stalking her and obtained a civil protection order from Judge Gallagher. She reported to police that Plaintiff violated that order on several occasions resulting in criminal charges being brought against Plaintiff. Plaintiff produced a receipt from the Horseshoe Casino showing he was there at one of the times Mitchell alleged Plaintiff had driven by her house. That resulted in Mitchell being charged with perjury. Plaintiff contends he cannot adequately defend himself from the charges against him due to his vexatious litigator status.

Finding his ability to pursue Mitchell in state court curtailed, Plaintiff began filing lawsuits in federal court. This is the tenth case Plaintiff has filed in this federal court against Cuyahoga County Common Pleas Court Judges, the Ohio Eighth District Court of Appeals and Mitchell since 2014.[1] Six of them were filed in the past three months. Each case contests the Ohio Courts' findings

---

[1] *See Anderson v. Mitchell*, No. 1:14 CV 276 (N.D. Ohio July 29, 2014)(Gaughan, J.); *Anderson v. Eighth App. Dist. Ct. of Appeals of Ohio*, No. 1:15 CV 1457 (N.D. Ohio Aug. 28, 2015)(Gwin, J.); *Anderson v. Corrigan*, No. 1:17 CV 2352 (N.D. Ohio Mar. 12, 2018)(Boyko, J.); *Anderson v. Gaul*, No. 1:17 CV 2451 (N.D. Ohio Mar. 8, 2018)(Boyko, J.); *Anderson v. Mitchell*, 1:19 CV 1011 (N.D. Ohio filed May 6, 2019)(Adams, J.); *Anderson v. Gaul*, No. 1:19 CV 1012 N.D.

that he is a vexatious litigant. The first 4 cases filed from 2014 to 2018 were all dismissed under 28 U.S.C. § 1915(e). This Court has repeatedly held that it does not have jurisdiction to overturn a state court judgment, and cannot interfere with on-going state court proceedings involving matters of state law. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). This Court cannot rehear matters that were already decided by the state courts and cannot enjoin them from enforcing their judgments. Furthermore, the Judges and the Courts are immune from damages. Regardless of whether the Judges of this federal court agree or disagree with the findings and judgments of the state courts, they cannot consider the merits of Plaintiff's claims or grant him relief.

Nevertheless, even after receiving this information, Plaintiff continues to file cases in this Court against the same Defendants pertaining to the same matters and trying to find a new procedural loophole which will allow this Court to intervene and overturn the state courts' judgments. He has filed civil rights actions seeking damages, civil rights actions seeking injunctive relief or declaratory relief. He has filed Mandamus actions and Motions for Relief from Judgment under Federal Rule 60(b). In this case, he filed a Notice of Constitutional Challenge. He hopes that by obtaining this declaration, it will void the vexatious litigant judgment in the state court case. In the end, the answer is the same. This Court does not have jurisdiction to grant the relief he is requesting.

---

Ohio filed May 6, 2019)(Adams, J.); *Anderson v. Gallagher*, No. 1:19 CV 1072 (N.D. Ohio filed May 13, 2019)(Oliver, J.); *Anderson v. Celebreeze*, No. 1:19 CV 1079 (N.D. Ohio filed May 14, 2019)(Boyko, J.); *Anderson v. Mitchell*, No. 1:19 CV 1178 (N.D. Ohio filed May 21, 2019); *Anderson v. Corrigan*, No. 1:19 CV 780 (N.D. Ohio filed Apr. 9, 2019)(Nugent, J.).

3

Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when we can no longer allow Plaintiff to misuse the judicial system at tax payer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. As the Supreme Court recognized: "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991).

After a careful review of Plaintiff's conduct in this and other cases filed in the Northern District of Ohio, this Court has determined that it is necessary to impose some restrictions on Plaintiff's ability to continue on in this manner. As an initial matter, Plaintiff did not pay the filing fee and asks the Court to grant his Application to Proceed *In Forma Pauperis* to waive payment. Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342-43 (1948)). Proceeding *in forma pauperis,* however, is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per

curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir.1989) (per curiam).[2] Plaintiff has abused the privilege of proceeding as a pauper by filing repetitive frivolous cases to challenge his state court vexatious litigant status. His Application to Proceed *In forma Pauperis* is denied. He may not proceed with this action unless he pays the entire filing fee of $400.00. Plaintiff is cautioned that if he continues to file lawsuits pertaining to the same matters, the Court may enjoin him from filing any new actions without first obtaining leave of court. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is **DENIED** and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3] Plaintiff may file a Motion to Reopen the case, within thirty (30) days of the date of this Order, if he pays the full filing fee of $400.00 prior to or

---

[2] *See also Levy v. Macy's, Inc.*, No. 1:13-cv-148, 2014 WL 49188, at *4 -5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No. 3:12CV-770-H, 2013 WL 1092915, at *1-3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2-3 (W.D. Mich. June 10, 2010).

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

contemporaneously with the filing of the Motion. This Court will not accept any documents for filing in this case, including the Motion to Reopen the Case, unless and until the full filing fee is paid. The Clerk's Office is instructed to return, unfiled, any document submitted without the filing fee.

    IT IS SO ORDERED.

                                          /S/ SOLOMON OLIVER, JR.
                                          UNITED STATES DISTRICT JUDGE

August 28, 2019